# In the United States Court of Federal Claims

|  |  |
|---|---|
| ERIC FLORES, | |
| Plaintiff, | No. 23-cv-194 |
| v. | Filed: April 3, 2023 |
| THE UNITED STATES, | |
| Defendant. | |

*Eric Flores*, Washington, D.C., appearing *pro se.*

*Kristin Elaine Olson*, United States Department of Justice, Washington, D.C., appearing for Defendant.

## **MEMORANDUM AND ORDER**

Plaintiff Eric Flores, appearing *pro se*, seeks redress against the United States for alleged violations of Plaintiff's constitutional rights, tortious conduct, and violations of criminal law. Complaint (ECF No. 1) (Compl.) at 2–22.[1]  Presently before the Court are Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) (IFP Motion) and the United States' (Defendant's) Response in Opposition to Motion to Proceed *in forma pauperis* and Motion for Summary Dismissal (Summary Dismissal Motion).  ECF No. 7 (Mot.).  Defendant contends Plaintiff's Complaint must be dismissed because it lodges claims outside of this Court's jurisdiction and is frivolous.  *Id.*  For the reasons stated below, this Court **GRANTS** Defendant's Summary Dismissal Motion (ECF No. 7), **DISMISSES** Plaintiff's Complaint (ECF No. 1) pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the United States Court of Federal Claims (Rule(s)), and **DENIES AS MOOT** Plaintiff's IFP Motion (ECF No. 2).

---

[1] Citations in this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

## BACKGROUND

Plaintiff has filed hundreds of cases in the federal court system over the past fifteen years. *See, e.g.*, *Flores v. U.S. Att'y Gen.*, No. GJH-15-3007, 2015 WL 13235211 (D. Md. Dec. 18, 2015) (stating a review of PACER "reveal[ed] [Plaintiff] has filed approximately . . . 240 cases" in federal courts). These cases included two filed in the United States Court of Federal Claims in 2011 (*Consolidated Flores*), which attempted to bring a class action and alleged the "Government has been using satellites from outer space to 'calculate[] a genetic code to inflict . . . genetic [viruses causing] severe pain.'" *Flores, et al. v. United States* (*Consolidated Flores*), Nos. 11-110C & 11-127C, 2011 WL 1457142, at *1 (Fed. Cl. Apr. 8, 2011) (Miller, J.). After consolidation, the two cases were dismissed *sua sponte* "for lack of jurisdiction and because [Plaintiff's] claims are frivolous." *Id.*

On November 8, 2022 — eleven years after that dismissal and entry of that judgment — Plaintiff filed a Motion to Vacate Judgment pursuant to Rule 60(d)(3). Motion to Vacate Judgment, *Consolidated Flores*, Nos. 11-110C & 11-127C (Fed. Cl. Nov. 8, 2022), ECF No. 7. The Honorable Elaine D. Kaplan denied Plaintiff's motion on November 22, 2022, explaining that while Plaintiff's motion was not time-barred, its allegations were vague and failed to demonstrate that improper influence or fraud tainted the court's prior adjudication of the case. Order Denying Motion to Vacate Judgment, *Consolidated Flores*, Nos. 11-110C & 11-127C (Fed. Cl. Nov. 22, 2022) (Kaplan, C.J.), ECF No. 8. On November 30, 2022, Plaintiff appealed the denial of his Motion to Vacate Judgment, which appeal the United States Court of Appeals for the Federal Circuit (Federal Circuit) dismissed due to Plaintiff's failure to timely file a brief as required by Federal Circuit rules. Notice of Appeal, *Consolidated Flores*, Nos. 11-110C & 11-127C (Fed. Cl. Nov. 30, 2022), ECF No. 9; *Flores, et al. v. United States*, 2023-1243, 2023 WL 2493756 (Fed.

Cir. Mar. 14, 2023).

On December 27, 2022, Plaintiff filed a pleading in *Consolidated Flores* styled as a "Petition Against [Fabricated] Judgment," as well as two motions to set aside the court's November 22, 2022 denial of Plaintiff's Motion to Vacate Judgment.  Petition Against Fabricated Judgment, *Consolidated Flores*, Nos. 11-110C & 11-127C (Fed. Cl. Dec. 27, 2022), ECF No. 10. In denying Plaintiff's two motions and "Petition," the court entered an anti-filing order instructing the Clerk of the United States Court of Federal Claims to accept no further filings by Plaintiff in the consolidated cases.   Anti-filing Order Denying Petition Against Fabricated Judgment, *Consolidated Flores*, Nos. 11-110C & 11-127C (Fed. Cl. Dec. 27, 2022), ECF No. 11.

Plaintiff filed his present Complaint (ECF No. 1) on February 6, 2023, arguing allegedly corrupt federal government officials used advanced technology to "take physical control" of individuals and forced them to commit "terroristic" acts.   Compl. at 8–9.   According to the Complaint, these alleged acts that used such advanced technology included the 2012 Sandy Hook Elementary School shooting, the 2018 Marjory Stoneman Douglas High School shooting, the 2017 shooting in Las Vegas, Nevada, and the 2015 crash of a Texas Department of Criminal Justice bus transporting inmates.  *Id.* at 9–15.  Plaintiff's Complaint further alleges government actors at the United States Department of Justice, the United States Department of Defense, and the Federal Bureau of Investigation acted negligently in closing complaints Plaintiff filed concerning his "mind controlling computers" assertions.   *Id.* at 18–19.   Finally, Plaintiff's Complaint characterizes federal courts' past dismissals of Plaintiff's complaints as invalid, stating "corrupt government officials have [fabricated] documents [resembling] legitimate federal district court judgements that falsely portrayed to dismiss the [Plaintiff's] cause of actions as frivolous." *Id.* at 20–21.  As relief, Plaintiff seeks $280 million in damages, the appointment of a grand jury to

investigate his allegations of misconduct, directed indictments, increased security measures for public buildings, and having a medical examiner "revive" the victims of tragedies outlined in his Complaint.  Compl. at 28–30.

On the same day he filed his Complaint, Plaintiff also moved for leave to proceed *in forma pauperis* (IFP).  Motion for Leave to Proceed *in forma pauperis* (ECF No. 2).  Defendant filed its Summary Dismissal Motion on February 24, 2023, arguing for dismissal of the Complaint under Rule 12(b)(1), dismissal of the Complaint under 28 U.S.C. § 1915(e), and denial of Plaintiff's IFP Motion due to Plaintiff's history of lodging frivolous filings in federal courts.  Mot.  This Court subsequently stayed Defendant's obligation to respond to the Complaint until after it ruled on Defendant's Summary Dismissal Motion.  *See* Order, ECF No. 8.  Plaintiff did not file a response to Defendant's Summary Dismissal Motion.

## APPLICABLE LEGAL STANDARD

Rules 12(b)(1) and 12(h)(3) require this Court to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over it.  Rule 12(h)(3).  This duty is also reflected in 28 U.S.C. § 1915, which governs the granting of IFP status to litigants and demands this Court dismiss a case "at any time if the court determines that . . . the action . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2).  A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Hastings v. United States*, No. 22-cv-1705, 2023 WL 2401196, at *5 (Fed. Cl. Mar. 8, 2023).

The Tucker Act, 28 U.S.C. § 1491, provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not

sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create a right to relief itself.  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983).  To establish a right to relief under the Tucker Act, a "substantive right must be found in some other source of law."  *Mitchell*, 463 U.S. at 216; *see Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself.").  The constitutional, statutory, or regulatory provision must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained."  *United States v. Testan*, 424 U.S. 392, 400 (1976) (internal quotations omitted).  Thus, this Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation."  *Mitchell*, 463 U.S. at 216.  Additionally, this Court's jurisdiction does not extend to cases against private parties or government employees in their individual capacities.  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (discussing how the Court of Federal Claims' limited jurisdiction does not include relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").  This Court must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3).

In considering dismissal, this Court must liberally construe a complaint filed by a *pro se* plaintiff because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Although held

to a less stringent standard, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). While a *pro se* complaint may include ambiguities, *pro se* filing status "does not excuse [] failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

Under 28 U.S.C. § 1915, a court may grant IFP status to a *pro se* plaintiff who "submits an affidavit . . . that the person is unable to pay [requisite filing fees] or give security therefor," allowing the plaintiff to proceed without the payment of such fees. 28 U.S.C. § 1915(a)(1). The granting of IFP status is not mandatory but done at the discretion of the court. *See Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016). A court considering a request to proceed IFP has a "duty to deny in forma pauperis status to those individuals who have abused the system," *In re Sindram*, 498 U.S. 177, 180 (1991), so as to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke*, 490 U.S. at 327. When considering a motion to proceed IFP, this Court "is free to consider a history of frivolous filing in determining whether to grant a motion to proceed in forma pauperis." *Straw v. United States*, 2021-1600 & 2021-1602, 2021 WL 3440773, at *6 (Fed. Cir. Aug. 6, 2021).

## DISCUSSION

Plaintiff brings constitutional, tort, and criminal law claims against Defendant, none of which fall within this Court's limited subject matter jurisdiction. As this Court lacks jurisdiction over Plaintiff's claims, it must dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and

12(h)(3) and must accordingly deny Plaintiff's IFP Motion as moot.  Further, due to the frivolous nature of Plaintiff's Complaint and his long history of such filings, this Court enjoins Plaintiff from filing further complaints in the United States Court of Federal Claims under certain circumstances without first obtaining leave to file from the Chief Judge.

## I.      Plaintiff's Constitutional Claims Must Be Dismissed

Plaintiff contends the dismissals of his previous lawsuits by various federal courts violate "his due process rights under the Fifth and Fourteenth Amendment[s] of the United States Constitution." Compl. at 2.  While the Tucker Act confers subject matter jurisdiction over money-mandating constitutional claims, per 28 U.S.C. § 1491(a)(1), the Federal Circuit has expressly held the United States Court of Federal Claims lacks jurisdiction over claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments.  *Black v. United States*, 28 Fed. Cl. 177, 186 (1993), *aff'd*, 16 F.3d 421 (Fed. Cir. 1993) (Fifth Amendment Due Process Clause); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fifth and Fourteenth Amendment Due Process Clauses).  Accordingly, this Court **DISMISSES** Plaintiff's constitutional claims for lack of subject matter jurisdiction.

## II.     Plaintiff's Tort Claim Must Be Dismissed

Plaintiff contends that under the doctrine of respondeat superior Plaintiff is liable "for its governmental employee negligent torturious [sic] conduct of failure to prosecute a complaint by a private citizen of a terrorist attack," which this Court liberally construes as an attempt to bring a tort claim against Defendant.  Compl. at 18, 20.  The Tucker Act expressly states this Court lacks subject matter jurisdiction over such claims sounding in tort.  28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *see Straw*, 4 F.4th at 1361 ("The [Court of Federal

Claims] was also correct in holding that [plaintiff's] claim is in essence a tort claim, which is outside the jurisdiction of the . . . Court under the Tucker Act."); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed. Cir. 1998) (stating the Court of Federal Claims cannot decide questions of tort liability); *Hartman v. United States*, 150 Fed. Cl. 794, 797–98 (2020) (dismissing a *pro se* complaint containing claims sounding in tort); *Redd v. United States*, 147 Fed. Cl. 602, 607 (2020) (same); *Starnes v. United States*, 162 Fed. Cl. 468, 473–74 (2022) (same). Plaintiff's claims concerning the "negligent" behavior of government agencies thus are not within this Court's jurisdiction. *See* Compl. at 20. This Court accordingly **DISMISSES** Plaintiff's tort claims for lack of subject matter jurisdiction.

### III.   Plaintiff's Criminal Law Claims Must Be Dismissed

Plaintiff's Complaint suggests Defendant is guilty of criminal conspiracy, murder in the first degree, and of "providing material support to aid and abide terrorism" in violation of federal criminal statute 18 U.S.C § 2339(A). Compl. at 20–21, 24. These claims must be dismissed as it is well established that this Court lacks jurisdiction over claims of criminal conduct and "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action.") (citations omitted); *Zhengxing v. United States*, 71 Fed. Cl. 732, 739 (2006) (same); *Perales v. United States*, 93 Fed. Cl. 495, 498 (2010) (same). Accordingly, this Court **DISMISSES** Plaintiff's criminal law claims for lack of subject matter jurisdiction.

### IV.   Even Assuming Jurisdiction Over Plaintiff's Claims, Plaintiff's Complaint Must Be Dismissed as Frivolous Under 28 U.S.C. § 1915(e)

Even assuming this Court had jurisdiction over Plaintiff's claims, it must dismiss Plaintiff's Complaint as frivolous under 28 U.S.C. § 1915(e). Section 1915 provides the procedures for

federal courts to consider and grant requests for IFP status, including a requirement that such courts "dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious," regardless of whether the litigant has paid the filing fees or been granted IFP status.  28 U.S.C. § 1915(e).  This screening provision thus obliges this Court to consider whether Plaintiff's Complaint is frivolous such that it "lacks an arguable basis either in law or in fact," and if so, to summarily dismiss it.  *Neitzke*, 490 U.S. at 325.

As discussed above, Plaintiff's Complaint contains vague legal claims clearly outside of this Court's jurisdiction that are based solely on factual allegations so outlandish as to be unbelievable.  *See supra* Discussion Sections I–III (dismissing Plaintiff's claims pursuant to Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction); Compl. at 5–30 (detailing Plaintiff's factual allegations concerning mind control and the impersonation of federal judges).  While Plaintiff may very well believe his allegations, their fantastical nature coupled with a paucity of factual support means the Complaint lacks a credible basis in fact or in law.  *See Hastings*, 2023 WL 2401196, at *5 (finding a complaint to be frivolous where plaintiff sought "extraordinary relief" while providing "minimal specificity as to the allegations and relevant facts").  Accordingly, this Court finds that Plaintiff's Complaint is frivolous and would be subject to dismissal under 28 U.S.C. § 1915(e) in the event this Court had subject matter jurisdiction over Plaintiff's claims.

## V.    Plaintiff's History of Frivolous Filings Would Preclude IFP Status

Since this Court lacks subject matter over Plaintiff's claims and finds the Complaint to be frivolous, this Court is required to dismiss Plaintiff's Complaint.  *See* Rules 12(b)(1), 12(h)(3); 28 U.S.C. § 1915(e).  Plaintiff's IFP Motion is therefore moot.  However, even if this Court had jurisdiction over Plaintiff's claims, it would still deny Plaintiff's IFP Motion due to Plaintiff's long

history of frivolous filings in federal courts. In considering Plaintiff's IFP Motion, this Court has a duty to deny IFP status should it determine Plaintiff has abused the judicial system with frivolous filings, and this Court is free to consider Plaintiff's filing history in making its decision. *In re Sindram*, 498 U.S. at 180; *Straw*, 2021 WL 3440773, at *6.

As discussed above, Plaintiff is a prolific filer in the federal courts system, consistently alleging extraordinary and unbelievable schemes by government actors. *See supra* Background Section; *see, e.g.*, *Flores v. U.S. Att'y Gen.*, Nos. Civ. 15-5026 & Civ. 15-5028, 2015 WL 3644836, at *3 (D.S.D. June 10, 2015) ("Mr. Flores has a lengthy history of frivolous and vexatious filings . . . ."); *Flores*, 2015 WL 13235211, at *1; *Flores v. U.S. Att'y Gen.*, No. 3:15-cv-217, 2015 WL 3949090, at *2 (D. Nev. June 29, 2015) (observing that Plaintiff "has made identical or similar filings in at least twenty-five other district courts across the country"); *Flores v. U.S. Att'y Gen.*, No. 1:15-cv-644, 2015 WL 2260551, at *3 (D. Or. May 12, 2015) (describing Plaintiff's claims "of government employees directing satellite transmissions at Mexican-American citizens"). Federal courts — including the United States Supreme Court — have responded by dismissing Plaintiff's complaints as frivolous, enjoining Plaintiff from filing further *pro se* complaints, and by ordering monetary sanctions against Plaintiff. *See, e.g.*, *Flores v. Holder*, 566 U.S. 984 (2012) (denying Plaintiff's motion for leave to proceed *in forma pauperis*, stating Plaintiff "has repeatedly abused [the Supreme] Court's process," and directing the Clerk of the Court to not accept "any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid and the petition [complies] with Rule 33.1"); *Flores v. Moore*, 700 F. App'x 367, 367 (5th Cir. 2017) (per curiam) (dismissing Plaintiff's appeal as frivolous and imposing a monetary sanction of $100).

In the Court of Federal Claims specifically, Plaintiff filed two complaints consolidated and dismissed as frivolous in 2011. *Consolidated Flores*, 2011 WL 1457142, at *5. Plaintiff followed

up eleven years later, in 2022, by filing a Motion to Vacate Judgment, which the court denied as frivolous. Order Denying Motion to Vacate Judgment, *Consolidated Flores,* Nos. 11-110C & 11-127C (Fed. Cl. Nov. 22, 2022) (Kaplan, C.J.), ECF No. 8. Plaintiff responded to that denial by filing three documents — two motions and one document styed as a "Petition Against Fabricated Judgment" — requesting the court's denial of the Motion to Vacate Judgment be set aside. Petition Against Fabricated Judgment, *Consolidated Flores,* Nos. 11-110C & 11-127C (Fed. Cl. Dec. 27, 2022), ECF No. 10. In denying Plaintiff's "Petition" and accompanying motions as frivolous, the court also issued an anti-filing order directing the Clerk of Court to accept no further filings from Plaintiff in case numbers 11-110C & 11-127C. Anti-filing Order Denying Petition Against Fabricated Judgment, *Consolidated Flores*, Nos. 11-110C & 11-127C (Fed. Cl. Dec. 27, 2022), ECF No. 11.

Any review of Plaintiff's filing history in the Court of Federal Claims and in federal courts generally leaves no doubt that Plaintiff has abused the federal judicial system through the repeated filing of frivolous complaints. Even assuming this Court did not dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction, or dismiss the action as frivolous under 28 U.S.C. § 1915(e)(2), Plaintiff's voluminous filing history would disqualify him from receiving IFP status and this Court would accordingly deny Plaintiff's IFP Motion on that ground.

## VI.   <u>Anti-Filing Order</u>

As Plaintiff has repeatedly filed complaints which needlessly consume the resources of this Court and other federal courts, this Court enters the following anti-filing injunction: Effective immediately, Plaintiff Eric Flores is **ENJOINED** from filing new complaints *pro se* in this Court without first obtaining leave to file from the Chief Judge of the United States Court of Federal

Claims.  If Plaintiff seeks to file a new complaint in this Court, he shall submit a Motion for Leave to File and explain why the new complaint is timely and properly before the Court.  Any motion for leave to file a new complaint must also include as an attachment the complaint Plaintiff intends to file.  The complaint must satisfy the requirements of Rule 8.  In the event the Court grants a motion for leave to file a new complaint, Plaintiff will be required to pay the Court's full filing fee to proceed.  Notwithstanding the prior restrictions, Plaintiff may file a new complaint without first submitting a Motion for Leave if the complaint is signed and filed by an attorney who is duly licensed and authorized to practice law under the laws of at least one state or territory of the United States or the District of Columbia and is a member in good standing of the Bar of the United States Court of Federal Claims.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Dismissal (ECF No. 7) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED** pursuant to Rules 12(b)(1) and 12(h)(3) without leave to replead, and Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT**.

The Clerk of Court shall **REJECT** all future filings in this case that are not in accordance with the Rules of the United States Court of Federal Claims.

Plaintiff is **ENJOINED** from filing new complaints *pro se* in the United States Court of Federal Claims without first obtaining leave to file from the Chief Judge.

Notwithstanding the prior restrictions, Plaintiff may file a new complaint without first obtaining leave to file if his complaint is signed and filed by an attorney who is duly licensed and authorized to practice law under the laws of at least one state or territory of the United States or

the District of Columbia and is a member in good standing of the Bar of the United States Court of Federal Claims.

Finally, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Harrison v. United States*, No. 2020-1765, 2020 WL 6482121, at *1 (Fed. Cir. July 21, 2020).  The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

April 3, 2023
Washington, D.C.